UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

03-40279-NMG

FILED
IN CLERKS OFFICE

2004 MAR 15  P 12: 48

U.S. DISTRICT COURT
DISTRICT OF MASS

WHITE - Pro Se

Appellant

v.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Appellee

On Appeal form the United States Bankruptcy Court
Western District of Massachusetts

APPELLANT'S MOTION FOR CALENDAR PREFERENCE

**Motion for Calendar Preference**

Appellant requests this Court to expedite this case and to give this appeal calendar preference. Appellant makes this request in the interest of justice. An extreme miscarriage of justice resulted below when the Bankruptcy Court allowed the Debtor to use bankruptcy to avoid paying a $6 million judgment issued by this Court in Harold L. Bowers d/b/a HLB vs. Baystate Technologies Inc., C.A. No. 91-40079 NMG.

The Bankruptcy Court allowed the expedited sale of virtually all of the Debtor's assets. The investment banker hired to manage the sale appraised the estate's assets to be worth between $4-$8 million. The Debtor estimated its assets were worth $10 million. However, the

1

Bankruptcy Court approved the sale to an insider of the Debtor, who owned 17.5% of the Debtor's stock, and who the Bankruptcy Court found to have committed perjury on the stand when testifying about insider access to sale information. As a result of the expedited sale, the assets only brought $2.8 million at auction, of which paid $1.86 million to the single secured creditor and which paid almost $1 million in attorney fees and other costs associated with the bankruptcy. None of the $6.5 million in unsecured debt declared by the Debtor was or will be repaid. Harold Bowers was forced to accept $750,000 as total settlement for his $6 million judgment awarded by this Court. When Bowers attempted to object and appeal the sale order, his attorney withdrew from the case and the Bankruptcy Court refused to grant Bowers' Pro Se motion to extend his deadline to file his appeal.

Appellant believes his appeal has merit irrespective of consideration for the Bowers' issue. However, due to the liquidation of the Debtor's assets, the longer this Court waits to rule on this appeal, the harder it will be to fashion a remedy that restores justice for Appellant and for Bowers. This Court has authority to prioritize its own calendar in the interest of justice and this Court, in its own discretion, can grant Appellant's request to expedite this appeal.

Appellant declares under penalty of perjury that he contacted counsel representing the Appellee, who is the Unsecured Creditors Committee, prior to filing this motion; however the Appellee declined to consent to Appellant's Motion For Calendar Preference.

Respectfully submitted, on this 12th day of March, 2004,

by,
*Robert White*
Robert White - Pro se Appellant