FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

2004 MAY 19  A 11: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

03-40279-NMG

WHITE - Pro Se

Appellant

v.

*OFFICIAL COMMITTEE OF UNSECURED CREDITORS*

Appellee

On Appeal form the United States Bankruptcy Court
Western District of Massachusetts

**REQUEST FOR LEAVE TO FILE AFFIDAVIT
BY HAROLD L BOWERS – PRO SE**

I, Harold Bowers, acting Pro Se, respectively request leave from this Court to submit my affidavit in support of the appeal filed by Appellant, Robert White.

I have documents, information, and evidence, much of which was not submitted to the Bankruptcy Court, that reflect on the amount that the unsecured creditors were to receive. I received and reviewed the following evidence, and I now request leave from this Court to present some of these documents and explain the relevance of this evidence to this instant appeal.

(a) Transcripts to the Sale Hearing.

(b) Bankruptcy Court Docket Information

(c) Emails from my attorneys indicating the worth of the estate.

(d) Emails from my attorneys stating the settlement amount I would receive.

(e) Testimony by the Debtor's Counsel and Unsecured Creditor's Committee Counsel representing to the Bankruptcy Court that a $750K dividend would be paid to unsecured creditors in order to secure the Bankruptcy Court's approval of the *Sale Order*.

The above listed evidence goes to the issues of:

1. Alleged breaches of fiduciary duties and duties of reasonable care with respect to Cardkey's bankruptcy estate by the Unsecured Creditor Committee Counsel.

2. Alleged breach of contract in that the unsecured creditors were not given the "carve out" as presented to the court by the Unsecured Creditors Committee Counsel.

3. Whether the unsecured creditors acted with full knowledge of all material facts relating to the transaction and had effected a deliberate abandonment of known rights subject to the 'true' facts of the value of the estate.

4. The Unsecured Creditors Committee Counsel in representing unsecured creditors to enforce the "carve out" contract, which should have guaranteed a dividend.

5. Errors in factual and legal judgment made by the Bankruptcy Court including:

   (a.) Approval of the Sale Order without a guaranteed dividend for unsecured creditors.

   (b.) Threatening me with civil contempt for exercising my right to reconsider the settlement agreement.

Respectfully submitted on this 18th day of May, 2004,

_____
Harold Bowers – Pro Se