UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS
03-40279-NMG

---

WHITE

Appellant

v.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
OF CADKEY CORPORATION

Appellee

---

ON APPEAL FROM AN ORDER OF
THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

---

**APPELLEE'S OPPOSITION TO REQUEST FOR LEAVE TO FILE
AFFIDAVIT BY HAROLD L. BOWERS – PRO SE**

---

| | |
|---|---|
| Michael J. Goldberg<br>    BBO No. 551869<br>John C. La Liberte<br>    BBO No. 556046<br>Anthony L. DeProspo, Jr.<br>    BBO No. 644668 | *Attorneys for*<br>*Appellee* |
| SHERIN AND LODGEN LLP<br>100 Summer Street<br>Boston, MA  02110<br>(617) 646-2000 | May 27, 2004 |

{00003320.DOC /}

Introduction

John A. Burdick, Jr., the Chapter 7 Trustee for CADKEY Corporation (the "Trustee"), submits this Opposition to Request for Leave to File Affidavit of Harold L. Bowers – Pro Se (the "Request"). The Request is both meritless and inappropriate, and should be denied by this Court for numerous reasons. To begin, the Request improperly seeks to introduce evidence into the record that was not before the Court below, despite the fact that Bowers was ably and vigorously represented throughout all the relevant proceedings in the Bankruptcy Court. Furthermore, Bowers is not even a party to this appeal, having withdrawn his objection to the sale of the Debtor's assets (described in more detail below) in connection with a settlement agreement that paid him $750,000 – substantially more than any other unsecured creditor has or will receive in this bankruptcy case. Finally, it would not be appropriate to permit Bowers, who is not even a party to this appeal, to use this proceeding to assert wholly unsubstantiated and scurrilous accusations impugning the integrity of the United States Bankruptcy Court, the Official Unsecured Creditors Committee (the "Committee") and all of the professionals involved in this matter. Bowers' Request should be summarily denied.

Background

This appeal arises out of the bankruptcy of CADKEY Corporation ("Cadkey"). On August 29, 2003, Cadkey moved the United States Bankruptcy Court for the District of Massachusetts (Western Division) for an order approving the sale of substantially all of Cadkey's assets (the "Sale Motion"). On or about October 9, 2003, Robert White ("White"), an unsecured creditor, filed an objection to the sale on the basis that unsettled litigation against the estate by Harold Bowers (the "Bowers Litigation") would adversely

affect the sale price, and that more time was needed after the Bankruptcy Court's determination of the issues in the Bowers Litigation for potential purchasers to assess the impact that Bowers' claim would have on the sale process. Bowers also objected to the Sale Motion.

During the extended hearings on the Sale Motion, the parties engaged in extensive negotiations aimed at settling both the White and Bowers objections, at which Bowers was vigorously represented. In connection with these negotiations, Kubotek Corporation, the proposed purchaser of Cadkey's assets, agreed to increase the total consideration for the sale in exchange for a full release from Bowers, a license to a certain portion of his software and any other intellectual property rights that he possessed, and a withdrawal of Bowers' objection to the Sale Motion. The parties were unable to resolve the White objection, which was ultimately overruled by the Bankruptcy Court and is the subject of the pending appeal.

On November 6, 2003, after five (5) days of hearings on the sale motion, the Court entered an order (the "Sale Order") approving the sale of substantially all of Cadkey's assets to Kubotek. The Sale Order effected the terms of the settlement between Cadkey, the Unsecured Creditors' Committee, Micro Control Systems, Inc., Cadkey's secured creditor ("MCS"), Kubotek and Bowers, and resolved Bowers' objections to the Sale Motion. Specifically, the Sale Order provided for the payment by Kubotek of $750,000 to Bowers in consideration for (i) the withdrawal of Bowers' objection to the Sale, (ii) the delivery of a release of claims against Kubotek, employees of the Debtor retained by Kubotek (other than Robert Bean and Karen Bean) and sales agents,

distributors or retailers of the Debtor's business, and (iii) Bowers' release of any administrative claims against the estate. The Sale closed on December 2, 2003.

Argument

Bowers claims that he has "documents, information, and evidence, *much of which was not submitted to the Bankruptcy Court*, that reflect the amount that the unsecured creditors were to receive" and seeks to introduce such evidence by way of affidavit. See Request for Leave to File Affidavit By Howard L Bowers – Pro Se at p. 1 (emphasis added). Material which was never presented to the trial court is not properly part of the record on appeal. See Appeal of Sun Pipe Line Company, 831 F.2d 22, 25 (1st Cir. 1987), citing United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983) ("evidentiary matters not first presented to the district court are, as the greenest of counsel should know, not properly before [an appellate court].") If Bowers had information that he thought the Bankruptcy Court should have considered in evaluating the Sale Motion, Bowers should have introduced that information below. He certainly had ample opportunity to do so. He did not. The Court should not permit Bowers to belatedly introduce such materials, especially considering that the parties have now fully briefed the issues on appeal.

Moreover, much of the information Bowers seeks to introduce is already in the record. The evidence Bowers seeks to submit includes (a) transcripts from the sale hearing, (b) bankruptcy court docket information, (c) e-mails from his attorneys indicating the worth of the estate, (d) e-mails from his attorneys stating the settlement amount that he would receive, and (e) testimony from Debtor's Counsel and Unsecured Creditors Committee counsel representing to the Bankruptcy Court that a $750,000

dividend would be paid to unsecured creditors under the Bankruptcy Court's approval of the sale order. Items (a), (b), and (e) are already in the appellate record. Bowers' commentary with regard to these items, however, is not part of the appellate record and has no place in this proceeding. Items (b) and (c), the e-mails from Bowers' counsel, are not only absent from the underlying record and thus not subject to consideration by this Court, but they lack any evidentiary value. Bowers' counsel subjective assessment of the value of the estate is of no relevance here. If anything, such information would only show that Bowers was armed with information from his counsel and, with that information, ultimately agreed to the sale, from which he received hundreds of thousands of dollars.

Finally, in addition to the procedural defects of Bowers' Request, it is, at its core, a transparent effort to denigrate the integrity of the proceeding below at which Bowers was a full and active participant. The Unsecured Creditors Committee and its counsel played an active role in the Chapter 11 case, and took a balanced and careful approach to issues presented in the proceedings. The Committee carefully considered whether a sale of the Debtor's assets was the best way to maximize distributions to the Debtor's unsecured creditors, and concluded that it was. Having made that decision, the Committee went on to negotiate a "carve-out" agreement with MCS, which has yielded approximately $400,000 for distribution to the Debtor's unsecured creditors (an amount which has not yet been distributed by the Chapter 7 Trustee). The Committee also played a pivotal role in brokering the agreement that resulted in Bowers' receipt of $750,000 from Kubotek.

It is against this backdrop that Bowers' insinuations respecting the conduct of the Committee and its counsel should be viewed. The Chapter 11 case was hard fought, with a number of disappointed creditors – including Bowers – actively involved in advancing their positions. In the end, the case had a successful outcome: the Chapter 7 Trustee has substantial sums to be distributed to the Debtor's unsecured creditors, sums that were not available at the outset of the case – and sums which would not be available at all without the extensive efforts of the Debtor, the Committee and their respective counsel. Ironically, it is Bowers who will benefit the most from these efforts, because there were no funds with which to make distributions to him or any other unsecured creditor at the outset of this case. In light of the foregoing, it would be wholly inappropriate for Bowers to be afforded the opportunity to cloud the record with scurrilous and unsupported allegations that have no bearing on the matters at issue in this appeal.

In light of the above, and in view of (i) Bowers' lack of standing in this appeal and (ii) the inappropriateness of supplementing a complete record at this stage of the proceedings, the Trustee respectfully requests that the Court deny the Request.

JOHN A. BURDICK, JR.,
CHAPTER 7 TRUSTEE,

By his attorneys,

  /s/ Anthony L. DeProspo, Jr.
Michael J. Goldberg (BBO# 551869)
John C. LaLiberte (BBO# 556046)
Anthony L. DeProspo, Jr. (BBO# 644668)
SHERIN AND LODGEN LLP
100 Summer Street
Boston, MA 02110
T: (617) 646-2000
F: (617) 646-2222

Dated: May 27, 2004

{00003320.DOC /}